```
UNITED STATES DISTRICT COURT                     USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                    DOCUMENT
 -------------------------------------------------------- X   ELECTRONICALLY FILED
 JENNIFER FIGUEROA,                              DOC #:
                                     Plaintiff,  DATE FILED: 7/29/2019
                    -against-                    18-CV-2144 (VEC)

 PROSPECT BILLIARDS CORP., individually          ORDER
 and d/b/a PROSPECT BILLIARDS CAFÉ;
 ANDRES JIMENEZ,

                                    Defendants.
 -------------------------------------------------------- X
```

VALERIE CAPRONI, District Judge:

Plaintiff Jennifer Figueroa sued her former employer, Prospect Billiards Corp. ("Prospect"), and its principal, Andres Jimenez, for violation of federal, state, and local employment-discrimination and wage-and-hour laws.[1] *See* Dkt. 7 (Am. Compl.). On May 15, 2019, Plaintiff filed a motion (a) to enforce a purported agreement between her and Defendants Prospect and Jimenez to settle this case and (b) for attorney's fees and costs associated with the motion. *See* Dkts. 72-74. The next day, this Court referred Plaintiff's motion to Magistrate Judge Katharine H. Parker for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). *See* Dkt. 75. On July 12, 2019, Judge Parker recommended that Plaintiff's motion to enforce the purported settlement agreement be granted and that Plaintiff's motion for attorney's fees and costs be denied. *See* Dkt. 90 (R&R). Under Fed. R. Civ. P. 72(b)(2), the parties' deadline to object to Judge Parker's report was July 26, 2019. As of the date of this order, no objection has been received from either party.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

---

[1] Another Defendant, Michael Martin, was voluntarily dismissed pursuant to a stipulation filed on July 1, 2019. *See* Dkt. 89.

U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  "Where no timely objection has been made by either party, a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation."  *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted).  Neither party has objected to the Report and Recommendation, so the Court reviews it for clear error.  The Court finds none.

## CONCLUSION

Because review of the report reveals no clear error, the Court adopts the report in full, grants Plaintiff's motion to enforce the purported settlement agreement, and denies Plaintiff's motion for attorney's fees and costs.  No later than **August 1, 2019**, Plaintiff must submit a proposed order for disposing of this case in light of the Court's order enforcing the parties' settlement.

The Report and Recommendation having given the parties adequate warning, *see* Dkt. 90 (R&R) at 11, the parties' failure to file written objections to the report precludes appellate review of this decision.  *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 72.

**SO ORDERED.**

Date:  July 29, 2019　　　　　　　　　　　　　　　_____
　　　　New York, New York　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**